DECISION.
Defendants-appellants Michael and Lana McGraw appeal the summary judgment granted to the plaintiffs-appellees, Thomas, James, and Robert Hyman, in their action to collect on two promissory notes executed by the McGraws in favor of the Hymans' deceased father, Jack.
On September 3, 1998, the Hymans filed suit against the McGraws, asserting that, in 1992, the McGraws had executed and delivered to their father two promissory notes, each in the amount of $25,000 and each payable upon demand. They also asserted that, in May 1998, following their father's death, they each received, by way of assignment from his estate, undivided one-third interests in the promissory notes. Finally, they asserted that, despite demand for payment of the notes, the McGraws had failed to pay the sums owing.
Thereafter, the McGraws filed their answer, wherein they admitted the authenticity of the notes but denied that any money was due to Jack's estate. The Hymans responded by moving for summary judgment on November 9, 1998. Although their motion contained no request for a hearing, it did contain a notation that the matter would be heard on December 10, 1998. No entry by the trial court setting the matter for hearing or submission was journalized, however.
One month later, on December 9, 1998, the McGraws filed their response to the Hymans' motion for summary judgment, which included affidavits and other evidentiary attachments. The following day, the trial court's entry granting the Hymans' motion for summary judgment was journalized. In its entry, the trial court specifically noted that "no memorandum contra or opposing affidavits have been filed * * *." This appeal followed.
In their sole assignment of error, the McGraws assert that the trial court erred in granting the Hymans' motion for summary judgment. We agree. Therefore, we sustain the assignment of error and reverse the trial court's judgment.
This court has previously held that, notwithstanding Loc.R. 14(B) of the Hamilton County Court of Common Pleas, the trial court, before determining a summary-judgment motion, is required to set either a date for hearing or a date of submission.[1] Here, the trial court did neither. Moreover, the notation contained within the Hymans' motion for summary judgment purporting to set a hearing date was ineffectual as a substitute for an entry by the trial court.[2] In accordance with our prior cases, then, we hold that, in the absence of a hearing date or a date of submission, the trial court erred in deciding the motion for summary judgment on the merits. Accordingly, we sustain the assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
 Doan, P.J., Sundermann and Winkler, JJ.
[1] See Griffith v. Wackenhut Corp. (July 6, 1988), Hamilton App. No. C-870836, unreported; Estep v. Insignia Management Co. (Mar. 26, 1997), Hamilton App. No. C-960092, unreported; Manor CareNursing and Rehabilitation Center v. Thomas (1997), 123 Ohio App.3d 481,704 N.E.2d 593.
[2] In fact, were we to conclude that this notation constituted a valid notice of hearing, then we would be left to conclude that the trial court erred in failing to consider the affidavits attached to the McGraws' memorandum in opposition to summary judgment; pursuant to the language of Civ.R. 56(C), those affidavits, filed one day prior to the hearing date noted in the Hymans' motion, would have been timely.